108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Montunrayo IGE, Defendant-Appellant.
 No. 96-1516.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 1
 APPEARING FOR DEFENDANT-APPELLANT:Montunrayo Ige, Pro Se, Oxford, Wisconsin.
 
 
 2
 APPEARING FOR APPELLEE:Peter A. Norling, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 
 
 3
 PRESENT: Honorable John M. Walker, Jr., Honorable Joseph M. McLaughlin, Circuit Judges, Honorable Denny Chin,* District Judge.
 
 SUMMARY ORDER
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Denis R. Hurley, Judge ) and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the United States District Court for the Eastern District of New York is AFFIRMED.
 
 
 6
 Montunrayo Ige appeals from an order of the United States District Court for the Eastern District of New York. Ige was convicted on January 7, 1992, after a jury trial, of importation of heroin in violation of 21 U.S.C. § 952, and possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a). On July 15, 1995, Ige moved for a new trial pursuant to Fed.R.Crim.P. 33, which Judge Hurley denied on June 28, 1996.
 
 
 7
 Ige seeks reversal of the order denying him a new trial on the ground that newly acquired evidence proved that the arresting agent gave perjured testimony at Ige's trial. The agent testified that the Chicago, Illinois, address to which Ige was travelling had been the site of prior arrests for heroin trafficking. Ige made several requests pursuant to the Freedom of Information Act, 5 U.S.C. § 552, to verify the agent's testimony, but was informed that no responsive documents had been found. Pursuant to Illinois' public disclosure law, Ige also sought verification of Cisneros's testimony from the Illinois State Police. The state police indicated that a search of their record resulted in no relevant documents and specifically directed Ige to the Chicago Police Department as a potential source of information. Based on these responses, Ige concluded that the agent committed perjury and that he was entitled to a new trial. This argument is without merit.
 
 
 8
 A district court may grant a defendant a new trial "if required in the interest of justice." Fed.R.Crim.P. 33. However, the granting of a new trial is disfavored in this circuit and should only occur where "newly discovered evidence ... could, if believed, change the verdict." United States v. Gambino, 59 F.3d 353, 364 (2d Cir.1995), cert. denied, 116 S.Ct. 1671 (1996); see United States v. Wong, 78 F.3d 73, 79 (2d Cir.1996). Newly discovered evidence that a witness gave perjured testimony may be grounds for a new trial, depending primarily on whether the government was aware of the perjured testimony. See United States v. Wallach, 935 F.2d 445, 456 (2d Cir.1991). We review the district court's denial of a motion for a new trial for abuse of discretion, and accept the district court's findings of fact unless clearly erroneous. See Wong, 78 F.3d at 78.
 
 
 9
 In the instant case, Ige fails to show that a new trial is appropriate. First, Ige does not establish that the agent in fact perjured himself. See United States v. White, 972 F.2d 16, 20 (2d Cir.1992). Perjury occurs when the witness gives false testimony "with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). Given the limited focus of Ige's requests for information and the ambiguous nature of the agencies' responses, it is not at all clear that the agent gave false testimony. Furthermore, even assuming the falsity of the testimony, there is no evidence to suggest that the agent's testimony was anything but mistaken.
 
 
 10
 Second, Ige has not proven that the evidence was "newly" discovered. See United States v. Siddigi, 959 F.2d 1167, 1173 (2d Cir.1992). Evidence is "new" if "it could not have been discovered, exercising due diligence, before or during trial." Id. As Judge Hurley explained, Ige could have challenged the agent during cross-examination for factual substantiation of these arrests at the Chicago address, or could have requested that the government provide reports to substantiate the agent's claim. Given that Ige waited nearly two years to obtain reports of the alleged arrests, it is not an impermissible conclusion that Ige did not exercise due diligence.
 
 
 11
 For the foregoing reasons, we find Ige's arguments to be without merit. Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 Hon. Denny Chin of the United States District Court for the Southern District of New York sitting by designation